## STATE ex HENRY v CIVIL SERVICE COMMISSION et

Common Pleas Court, Cuyahoga Co

No 492615.   Decided Feb. 13, 1941

James C. Connell, Cleveland, for relators.

Henry S. Brainard, director of law, Cleveland, and Charles W. White, asst. director of law, Cleveland, for respondents.

## OPINION

By MERRICK, J.

In the within action in mandamus, relators are the clerk of the Municipal Court of Cleveland and two persons whom he had appointed and designated as his private secretary and personal stenographer, respectively. Members of the Cleveland Civil Service Commission and the treasurer of the city of Cleveland are respondents.

This opinion will discuss principally, the action of relators against the respondent commissioners referred to herein as respondents, and at the end of this opinion will very briefly discuss the action of relators against the respondent, the city treasurer.

Relators complain that respondents refuse to approve the two appointments and designations, and urge upon the court that such appointments and designations are outside the jurisdiction or supervision of respondents.

The uncontradicted facts and evidence show that on September 6, 1939, relator, the clerk of the Municipal Court of Cleveland, appointed relator Ralph Henry as his private secretary and relator John Polking as his personal stenographer and so notified the Civil Service Commission, and that upon the same day said relator appointees entered upon and performed the duties of private secretary and personal stenographer respectively and have continued to do so up to the present time; that on October 2, 1939, respondent commissioners disapproved said appointments and refused to certify that portion of each succeeding payroll containing the names of the two appointees.

Relators pray that a writ of mandamus issue requiring (1) the respondent commissioners to approve the appointments and (2) the respondent treasurer to pay the two appointees for the services rendered at the rate set forth in the payrolls.

Respondents plead four special and affirmative defenses as follows:

1. That there is a misjoinder of parties and causes.

2. That the petition fails to state a cause of action.

3. That the appointees are in truth and in fact such deputy clerks as are in the classified service pursuant to §1579-46 GC.

3a. That §1579-41 GC is invalid, void and unconstitutional and appointments thereunder are null and void.

4. That the city charter of the city of Cleveland (Sections 135 and 141) is controlling and that such appointments must be made in accordance with the civil service provisions of such charter.

The question of misjoinder of parties will be discussed briefly at the end of this opinion and disposed of therein. This court is of the opinion that the petition adequately states a cause of action against the respondent commissioners.

Coming now to a discussion of the defense styled No. 3 above, this court has heard the uncontradicted evidence and concludes that the appointee relators are performing the duties of private secretary and stenographer respec-

tively and are not deputy clerks performing classified services as such.

The defenses styled 3a and 4, above, question the right of the legislature to enact laws empowering the clerk of the Municipal Court to appoint one private secretary and personal stenographer. These sections became effective the day of the appointments in question and so far as is necessary for a discussion of this case read, in part, as follows:

**Sec. 1579-41 GC.** Powers and duties of clerk.

"The clerk of the (Cleveland) Municipal Court * * * as to the selection of the deputy clerks he shall have power to appoint a chief deputy, one private secretary and one personal stenographer only. All other deputies and assistants shall be appointed or selected by him as hereinafter provided * * *."

**Sec. 1579-46 GC.** Classified Civil Service. * * *

"Excepting the clerk and the chief deputy clerk, and one private secretary and one personal stenographer to the clerk * * * all deputy clerks * * * shall be in the civil service of the city of Cleveland, subject to the provisions of the laws of the state applying to said classified service * * *."

These sections were amended by the legislature as indicated above to exempt the personal stenographic and private secretary to the clerk from civil service classification. These additional exemptions became effective on the date of the appointments of relator appointees. Counsel for respondents complains in his brief of the activity of the relator clerk in securing this enactment and likewise complains that an unsuspecting General Assembly proved accommodating to a desire on the part of the clerk to have the statutes amended to permit such appointments.

Counsel for respondents likewise "wonders with considerable misgivings" why the Supreme Court of Ohio made certain decisions. This court can only say that lawyers and laymen may criticize and disagree with legislative bodies, but trial courts must follow and apply constitutional legislative enactments. Regardless of personal opinions of lawyers and laymen, this trial court will always respect and follow the decisions of reviewing courts in this and other jurisdictions.

Before the amendments to §§1579-41 and 1579-46 GC, there was on our statute books as amended June 1, 1925, §486-8 GC which in part reads as follows:

"**Sec. 486-8.** Service, classified and unclassified, defined:

"The civil service of the state of Ohio and the several counties, cities and city school districts therof shall be divided into the unclassified service and the classified service.

"Positions in unclassified service:

(a) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required in this act * * *.

"* * * Section 8 * * * and two secretaries, assistants or clerks and one personal stenographer for other elective officers * * *."

It can be observed from the last cited statute that as far back as 1925 the leglislature desired to exempt personal secretaries and personal stenographers from the classified provisions of civil service and exempt them from all examinations required under the entire civil service act. This is the same act which empowers the mayor of the city of Cleveland to appoint the respondents and they receive powers and authority under such act and under the constitutional provisions for charter cities to exercise the duties now being undertaken by them. It is particularly of interest to note a portion of such civil service act as contained in §486-19 GC which reads as follows:

"* * * Such municipal commission shall prescribe, amend and enforce rules not inconsistent with the provisions of this act for the classification

of positions in the civil service of such city * * *. Said municipal commission shall have and exercise all other powers and perform all other duties with respect to the civil service of such city and city school district, as herein prescribed and conferred upon the civil service commission with respect to the civil service of the state * * *. The provisions of this act shall in all other respects, except as provided in this section, be in full force and effect in such cities."

All power under the Cleveland City Charter is derived from the Constitution, and the power is conveyed by **Art. VIII of the Ohio Constitution.** Section 3 of such article reads as follows:

"Municipalities shall have authority to exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, **as are not in conflict with general laws.**" (Emphasis ours).

Section 7 of such article reads as follows:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self government."

It might be well at this stage of the discussion to dwell upon the status of the Cleveland Municipal Court and the clerk of the Cleveland Municipal Court. Are these two offices a part of purely local government? Are they solely a part of the functioning of Cleveland's city government and housekeeping? This court thinks not. They are creatures of the legislature which derived its power to create them from the Ohio Constitution. See **Underwood v Isham, 135 Oh St 320, 14 OO 417, 28 Abs 440.** They have jurisdiction and powers which are not solely applicable to city governmental functions. Could the Cleveland City Charter abolish the Mu-

nicipal Court and its clerk? Could the charter extend or diminish their jurisdiction, powers or functions? Certainly not. The Cleveland Municipal Court is a court of record, the jurisdiction and entire scope of which is derived from statutory authority. Likewise the clerk of Cleveland Municipal Court. The power exercised by the respondents over certain appointments and promotions in the civil service of the Cleveland Municipal Court and its clerk is derived from statute and not from any city charter provision.

This court has just read the charter of the city of Cleveland and its index. Nowhere is the Municipal Court or its clerk mentioned. In the sections defining the power, scope and jurisdiction of the Civil Service Commission, no mention is made of the Municipal Court or its clerk. Reference is made to the mayor, civil service commissioners, city council, department directors, city boards and commissions, advisory boards, secretaries of departments, council, clerk of council, heads of divisions, executive assistants skilled and unskilled workers, city treasurer, firemen, policemen, sanitary officers and many others. Singularly no mention is made of the Municipal Court or its clerk. It is obvious that the framers of the Cleveland City Charter recognized no power or control over the Municipal Court or its clerk, except that specially conferred by statute.

The cases of **Mulcahy v City of Akron, 27 Oh Ap 442,** and **State ex Lentz v Edwards, 90 Oh St 305,** are not in point here because in both those cases a specific requirement of a city charter was held to supersede a general law of the state. In the case at bar we have a specific state law under consideration in construction of the Cleveland City Charter which is wholly silent on the subject. It is the opinion of this court that the framers of the Cleveland Charter never intended to regulate or control the Municipal Court or its clerk as those persons and functions were completely and adequately controlled by state enactments.

In order to abrogate or nullify the operation of a state law within a municipality by provisions of a Home Rule charter, the matter in ▮▮ question must be expressly and definitely ·provided for in the charter itself, and such power of nullification can not be delegated to an administrative board or commission, to be exercised at its discretion. 28 O. Jur., § 120, p. 229. See **State ex Votaw v Matia, 43 Oh Ap 279, 125 Oh St 598; State ·ex Ryan v Kerr, 42 Oh Ap 19.**

To analyze the authority of the respondents as affects this case: The **Ohio Constitution, Article XV, §10,** reads as follows:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to· merit and fitness, to be ascertained, as far as practicable, by competitive examinations. **Laws shall be passed providing for the enforcement of this provision.**" (Emphasis ours).

**Article XVIII of the Ohio Constitution,** cited above, confers certain powers upon municipalities and charter cities. The power of control and regulation of the Municipal Court and its clerk are nowhere attempted in the Cleveland city charter, it being entirely silent thereon.

However, the legislature has under **Article XV, §10, of the Ohio Constitution** assumed authority thus conferred, viz: **"Laws shall be passed providing ·for the enforcement of this provision."** (Emphasis ours).

Pursuant to such authority conferred by the Constitution, the legislature had passed and in force at the ▮▮ time complained of by relators, §§486-8, 1579-41 and 1579-46, supra. All of these statutes are plainly designed to remove from the civil service classified service the private secretary and personal stenographer of the clerk of the Municipal Court of Cleveland, and permit him to designate these appointees without examination and without supervi-

sion by any civil service commission. See **Ellis v Urner, 125 Oh St 247,** and **State ex Haskins v Tyroler, 137 Oh St 24, 17 OO 335.**

Such appointments having been made under this authority, the respondent commissioners are ▮▮ without authority at law in refusing to certify the payrolls containing the names of relator appointees.

As to respondents' complaint that the Cleveland city council has not properly provided for the payment of salary to such appointee, this court is of the opinion that the respondent commissioners can not concern themselves with this question, and are limited in their authority to a refusal to certify payrolls, only when the appointments are in violation of civil service laws and regulations, and when the appointment is one which should be in the classified service. See **§486-21 GC,** and Cleveland city charter, §135.

The legislature, has authorized the appointment of relator appointees by the enactment of **§1579-41 GC** and placed them outside the jurisdiction or control of any civil service commission by enactment of **§1579-46 GC.** The clerk made the appointments and notified the Cleveland city council of such appointments by specifically requesting funds for their salaries. The city council appropriated such funds and appropriated the exact amount requested in the clerk's budget, containing these specific requests. This court is of the opinion that such action by the council is sufficient to authorize their salary payments. See **People ex rel v Prendergast, 164 N. Y. Supplement, 1042 and 178 N. Y. Appellate Div. Reports 895.**

This action, praying for a writ of mandamus against the Civil Service Commission, is allowed as prayed for. The action as against ▮▮ Leonard S. Levy, city treasurer, will be dismissed for the reason that relator appointees have an adequate remedy at law. See **State ex Conway v Taylor, 136 Oh St 174, 16 OO 121; State ex Curtis v De Corps, 134 Oh St 295, 12 OO 96; State ex**

White v City of Cleveland, 132 Oh St 111, 7 OO 220; Williams v State ex Gribben, 127 Oh St 398.